# Cover Sheet

**1460-14**

Able Acosta; Clerk
Court Of Criminal Appeals
Supreme Court Bldg
PO Box 12308 - 2308
Austin Tx 78711

ORIGINAL

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

Dear Clerk;

    Enclosed please find my Petition For Discretionary Review. Please file this "P.D.R." and bring it to the attention of the Court.

    Please date-stamp this letter and return it to me at my address shown below.

    I also request that you notify me of the Courts ruling on my Petition.

Sincerely;

Marcus D. Booth #1939959
RZ Sanchez Unit
3901 State Jail Road
El Paso, Tx. 79938

1...

NO. 11-14-00259-CR

Marcus D. Booth

v

THE STATE OF TEXAS

---

## Identity Of Parties And Counsel

---

Trial Court:
Honorable Robin M. Darr
Judge; 385th Judicial District Court
500 N. Loraine St.
Midland, Tx. 79701

Appellant
Marcus D. Booth #1939959
RZ Sanchez Unit
3901 State Jail Road
El Paso, Tx. 79938

Appellee's Attorney
Teres J Clingman; District Attorney
Midland County Courthouse
500 N Loraine St; Suite 200
Midland Tx 79701

Appelants Trial Counsel:
Brent A. Morgan
1902 W. Illinois
Midland Tx 79701

# Table Of Contents

Pages

Cover Sheet ... ... 1

Parties ... ... ii

Table of Contents ... ... iii

Index of Authorities ... ... iiii

Statement Reguarding Oral Argument ... ... 1

Introduction ... ... 1

Statement of Case ... ... 2

Statement of Procedural History ... ... 2

Grounds for Review ... ... 3-6

Argument ... ... 3-6

Prayer for Relief ... ... 6

Appendix ... ... 7

Certification of Service ... ... 8

# Index of Authorities

Pages

Brite v State (Tex Crim App 1970) 459 SW 2d 834-837, 38... ... 3

Carrier Supra 492, 106 S.Ct. 2639... ... 5

Colman Supra 753, 11 S.Ct. 2546... ... 5

Ex Parte Acosta (Tex Crim App 1984) 679 SW 2d 470, 472... ... 6

Ex Parte Brown (Tex Crim App 2005) 158 S.W. 3d. 453 (2)... ... 6

Ex Parte Torres (Tex Crim App 1997) 943 SW 2d 469, 475... ... 6

Hardin v State - 471 SW 2d 60, 62... ... 3

Irvin v Department of Veteran Affairs (1990) 498 U.S. 89, 92, 111 S.Ct. 453, 112 L Ed 2d 435... ... 5

Martinez v Ryan (S.Ct. 2012) 132 S.Ct. 1309 (B)... ... 5

Strickland v Washington (S.Ct. 2052. 80) 446 US 668, 687, 104... ... 3 & 4

# Statement Regarding Oral Argument

Madams/Sirs;

I do not fully understand what I am doing and I have no attorney to help me do this right. I feel it would better benifit me to verbaly argue my case; especially in regards to what all transpired at my trial date when I tried to fire my attorney. So many things are wrong in my case but at the time I was blind to the facts and by putting my trust in my attorney I was unable to avoid the outcome. My lack of knowledge and resources are hindering me; but the opertunity to be asked and ask questions would make up for that and possibly bring to the lite mistakes I am unaware of. I cant afford to get this wrong.

Thank You For Your Time,
Marcus D. Booth #1939959

# Introduction

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

Myself the appellant; Marcus D Booth; respectfully submits the Petition For Discretionary Review in accordance with the Texas Rules of Appellate Procedure; in response to the trial courts July 14th 2014; judgement and sentence of Twenty Five Years, Texas Department of Criminal Justice; and shows the court as follows:

# Statement Of Case

On May 25 2013, I was charged with assault on a public servant while incarcerated in Midland County Jail. From the very begining I told my attorney I did not commit the assault and I want to go to trial. I told him 22 other people who were in the tank with me witnessed what had happened and were willing to fill out auidavits and testify to what they seen, all he had to do was look up who all was in the tank with me that day and contact them. He did not do it, he also did not subpoena any of my wittnesses for my trial. I was given a detention hearing by the Master Sargent of Midland County Jail for the assault on public servant, after only using five of the twenty two witnesses available to procue my in I was found not guilty. I told my attorney about the hearing and to get this file for my defense, he did not get it. I wanted to go to trial for the assault charge and plea out to my origenal charge of possession, but the prosecutor said I had to plea out to all my charges or take them all to trial. I told my attorney I want to seperate my assault from my possession, he told me I cant. My attorney violated my Sixth Amendment Rights by not acting as my legal advocate.

# Statement Of Procedural History

1. Filed motion for Appointment of Counsel to convicting court "Sept. 2014"
2. Recieved response from 11th District Court of Appeals asking why is my appeal being filed untimely and why am I filing in a plea deal case. "Sept. 25 2014"
3. I filed my response "Oct 6th 2014"
4. I recieved 11th Districts response "Oct 16th 2014"
5. I filed a "motion for extention of time" to file my PDR to the Court of Criminal Appeals "Oct 27 2014".
6. Recieved Response Granting time extention "Oct 29th 2014"

2....

# Ground One

Ineffective Assistance of Counsel by failing to act as lawyer agent.
## Ground One Argument

On May 25th 2013, I was charged with Assault on a Public Servant. When my attorney came to see me I told him I was not guilty and I had 22 willing witnesses to testify to the fact. I told my attorney to get the roster for the cell-block I was in on the date of the allegid assault, and to send everyone on that list an avidauit to fill out on what they witnessed. He did not even attempt to do as I asked knowing these witnesses where my only defense.

I also told him I wanted to subpoena these witnesses to testify at my trial; Yet when I asked him the day of my trial July, 14th 2014, did he subpoena my witnesses he told me no.

Article 1, Section 10 (Texas Constitution) provides that criminal defendants have a right to a "Compulsory Process for Obtaining Witnesses;"

Code of Criminal Procedure (Art 1.05) "Rights of Accused."

(Constitutional Law ☞ 268(10)/Witnesses ☞ 2(17)) Rights of accused to have compulsory process for obtaining witnesses on his behalf as guaranteed by "Sixth Amendment Rights" is so fundamental and essential to fair trial that it is incorporated in "due process clause" of the "Fourteenth Amendment" and is applicable to State trials!(USCA Const. Amend. 6, 14)

Brite v State 459 Sw 2d 834-837-38 (Tex Crim App 1970)

Hardin v State 471 Sw 2d 60, 62

My attorney knew how I felt about fighting this assault charge; yet he did not even try to prepair for my defense. What was his plan for my defense without my witnesses?

Strickland v Washington 446 US 668, 687, 104 S.Ct. 2052, 80 - This requires showing that the counsel made errors so seriouse that the counsel was not fuctioning as the counsel guaranteed by the 6th Amendment.

# Ground Two

Ineffective Assistance of Counsel by failing to act as lawyer agent!

3...

# Ground Two Argument

The month of June 2013, I went in front of Master Sergeant Thatcher for my diciplinary hearing, where I called 5 witnesses on my behalf. After getting my testimony and 4 of my five witnesses testimony the Master Sergeant found me not guilty of the assault on staff. This is the same Master Sergeant ~~who~~ ~~Read~~ gave the Ok to charge me with felony Assault on a Public Servant. I told my attorney about this hearing and told to get the file to use for my defense, but when the day of my trial came he did not have it. I also told him that the accusing guard has a history of getting into conflicts with male inmates and lying in order to get them into trouble. I told him to obtaine her file to use against her, but the day of my trial he did not have it. (Rule 608(b) Evidence of character and conduct of witnesses/specific instances of conduct.)
Strickland v Washington - 446 US 668, 687, 104, S.Ct. 2052, 80 - this requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by Sixth Amendment.

## Ground Three

Ineffective Assistance of Counsel by failing as my lawyer agent

## Ground Three Argument

At my first pre-trial in the month of May 2014, my attorney told me the prosecutor is offering 10 years for the possession/tampering, and the 2 assaults. I told my attorney to see if the prosecutor will drop the 2 assaults and I will take the 10 years der the possession/tampering, if not I will take 10 years for the possession/tampering and go to trial for the 2 assaults. My attorney came back and told me the prosecutor said; "He cant drop the assaults because he is being pressured by the Sheriffs Dept to prosecute me and that I have to plea to all four charges or take all four to trial." I informed my attorney I did not catch the possession and assaults at the same time so I should be able to plea out to them seperately.

4.

He told me that's not true; that the prosecutor dosen't have to give me a plea at all. (Penal Code-3:04-Severance) I did have that right but my attorney denied it to me. Martinez v Ryan (S.Ct. 2012) 132 S.Ct. 1309 (B)- colman and carrier set forth in clear terms when it is that an attorney's error constitutes an external factor; Attorneys error by itself does not; because when an attorney acts (or fails to act) in furtherance of the litigation, he is acting as petitioners agent. Colman Supra 753, 11 S.Ct. 2546; and Carrier Supra 492, 106 S.Ct. 2639.-Any other rule would be inconsistant with our system of representative litigation; under which "each party is deemed bound by the acts of his lawyer agent."

Irvin v Department of Veterans Affairs (1990) 498 US 89,92,111 S.Ct. 453, 112 L Ed 2d 435 - But when attorneys error amounts to constitutionally ineffective assistance of counsel; that error is imputed to the state (for the state has failed to comply with the constitutional requirement to provide effective counsel) rendering the error external to the petitioner.

My attorney failed to act as my lawyer agent thus violated my Sixth Amendment Rights

---

# Ground Four

Ineffective Assistance of Counsel by failing to act as my legal advocate by protecting my Rights.

## Ground Four Argument

May 2014; at my first pre-trial the prosecutor told my attorney that he cant drop the assaults because the sheriff's dept. is pressuring him to prosecute me.

On July 14th 2014; the day of my trial I told my attorney to see if the 10 year plea deal was still on the table. He came back and infront of my daughters mother and myself he said; "The prosecutor said while prepairing for my trial the head DA. Teresa J Clingman noticed my name and told him that if I wanted to plea out its a minimum 25 years because she had it in for me from a past case in 2005 when she was my prosecutor."

5...

Not being an attorney myself I do not know what my attorney could have done but I do know he could have done something. From what I've read these interferences from the Sheriffs and D.A. are undue influences; he at least should have tried to get a change of venue so that I would've had a fair chance

Ex Parte Brown (Tex Crim App 2005) 158 SW 3d 453 - as with a vast majority of ineffective of counsel; the trial records is insufficient to allow any appellant court to resolve the issue because applicant could not provide such evidence without going outside trial records; he may Raise due process claim.

Ex Parte Torres (Tex Crim App 1997) 943 SW 2d 469, 475

Ex Parte Acosta (Tex Crim App 1984) 679 SW 2d 470, 472

## Prayer For Relief

Special Prayer - I the appellant pray in this motion for relief that the court of criminal appeals reverse and affirm the conviction and sentence of 25 years.

General Prayer - And I the appellant pray for such further or other relief as the nature of the case may require; as may be agreeable in good conscience.

Thank You For Your Time;
Marcus D. Booth
Appellant; pro se

6...



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

October 16, 2014

Brent A. Morgan
Law Offices of Thomas S. Morgan
1902 West Illinois
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Teresa J. Clingman, District Attorney
Midland County Courthouse
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Carolyn D. Thurmond, Assistant
District Attorney's Office
Midland County Courthouse
500 North Loraine Street, Suite 200
Midland, TX 79701
* DELIVERED VIA E-MAIL *

Marcus Dwight Booth
TDCJ #1939959
Sanchez Unit
3901 State Jail Road
El Paso, TX 79938

RE:    Appellate Case Number: 11-14-00259-CR    Trial Court Case Number: CR42436
Style: Marcus Dwight Booth v. The State of Texas

    The Court has this day **DISMISSED** the appeal in the above cause. Copies of the Court's opinion and judgment are attached.

    TEX. R. APP. P. 68.3 requires the Petition for Discretionary Review be filed with the Clerk, Court of Criminal Appeals.

Respectfully yours,

Sherry Williamson

Sherry Williamson, Clerk

cc:    District Clerk - Midland County (DELIVERED VIA E-MAIL)
      Robin Malone Darr, Judge (DELIVERED VIA E-MAIL)
      Dean Rucker, Administrative Judge (DELIVERED VIA E-MAIL)

Att: The 11th Court of Appeals only gave me one opinion for three charges and I have no way to copy it. So the opinion is attached to the Petition for Discretionary Review for the possession charge.

7...

# Certificate Of Service

I, the undersigned, hereby certify on this 9th day of January 2015, a true and correct copy of the following Petition for Discretionary Review was mailed, return receipt requested to:

Marcus D. Booth #1939959
RZ Sanchez Unit
3901 State Jail Road
El Paso, Tx, 79938

Sincerely,

Marcus Booth
Appellant, pro se

Opinion filed October 16, 2014



In The

# Eleventh Court of Appeals

Nos. 11-14-00258-CR, 11-14-00259-CR, & 11-14-00260-CR

## MARCUS DWIGHT BOOTH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 385th District Court
Midland County, Texas
Trial Court Cause Nos. CR42435, CR42436, & CR42437

### MEMORANDUM OPINION

Marcus Dwight Booth, Appellant, filed an untimely pro se notice of appeal from a conviction for possession of cocaine and two convictions for assault on a public servant. We dismiss the appeals.

The documents on file in these cases indicate that Appellant's sentences were imposed on July 14, 2014, and that his pro se notice of appeal was filed in the district clerk's office on September 22, 2014. When the appeals were filed in this

court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeals may be dismissed for want of jurisdiction. We also noted that the trial court's certifications of Appellant's right of appeal indicated that Appellant has no right of appeal because these were plea-bargain cases and because Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded but has not shown grounds to continue these appeals.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court seventy days after his sentences were imposed and that no motion for new trial was filed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeals.

These appeals are dismissed for want of jurisdiction.

PER CURIAM

October 16, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2